Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4687 | **DATE** | 2/26/2001 |
| **CASE TITLE** | RITA HOWARD-AHMAD vs. CHICAGO SCHOOL REFORM BOARD OF TRUSTEES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for leave to file third amended complaint is hereby denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 FEB 26 PM | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RITA HOWARD-AHMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99 C 4687 |
| | ) | |
| CHICAGO SCHOOL REFORM | ) | Judge Ronald A. Guzman |
| BOARD OF TRUSTEES, | ) | |
| BRYN MAWR SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED FEB 2 7 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff Rita Howard-Ahmad ("Ahmad") filed this suit against the Chicago Board of Education ("Board") alleging retaliation, intentional infliction of emotional distress, sex discrimination, and harassment. Presently before the Court is plaintiff's motion for leave to file a third amended complaint in order to add whistle blower and First Amendment retaliation claims. For the reasons set forth below plaintiff's motion to amend is denied.

## BACKGROUND FACTS

Ahmad is a former teacher at Bryn Mawr School. In 1998, a new principal was appointed and served as Ahmad's supervisor. Following this appointment, Ahmad complained that she was harassed until the last day of her employment at Bryn Mawr School. The alleged discrimination included not getting adequate school supplies, being denied scheduled breaks and

preparation periods, being disciplined in front of students, being ignored in school meetings, and being reprimanded and suspended for minor employment infractions.

On July 16, 1999, Ahmad filed a *pro se* complaint against defendant alleging sex discrimination and retaliation after she filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, which was assigned to Judge Gottschall. On October 13, 1999, Ahmad retained counsel and filed an amended complaint alleging sex discrimination, retaliation, and intentional infliction of emotional distress. This amended complaint was mistakenly filed as a separate cause of action and was assigned to Judge Gettleman. On November 12, 1999, Judge Gottschall granted plaintiff leave to file a second amended complaint.[1] Ahmad filed a timely second amended complaint alleging retaliation, intentional infliction of emotional distress, sex discrimination and harassment. Ahmad filed a motion to consolidate the complaints, which the Court treated as a motion to reassign based on relatedness pursuant to Local Rule 40.4(c), and the Court granted the motion on January 21, 2000.

On February 25, 2000, the Court entered a scheduling order with discovery scheduled to close on June 26, 2000. Ahmad was deposed on April 28, 2000, and during the deposition she identified a letter referencing her concerns regarding the principal's adherence to the 1998-1999 School Improvement Plan ("SIPAA"). In addition, Ahmad testified that she believed she was suspended because she took her concerns to the Bureau of Labor Relations. She testified that

---

[1] On December 2, 1999, pursuant to an executive committee order, the case was reassigned to this Court.

this discrimination escalated after she expressed her concerns to the Board's Regional Office of Education.

Subsequently, the court ordered that any motions for summary judgment be filed on or before July 28, 2000. However, the court extended the date for defendant's filing a motion for summary judgment until August 4, 2000. Defendant filed its motion for summary judgment on August 4, 2000, and plaintiff filed a reply on August 18, 2000.

On August 16, 2000, plaintiff received additional discovery from defendant. This discovery included a warning resolution and memorandum investigating Ahmad's allegations against the principal that she received outdated textbooks and no classroom supplies in violation of the SIPAA.

Plaintiff has filed a motion for leave to file a third amended complaint to add a count for whistle blowing and First Amendment violations based on the fact that the investigations of the principal's violation of the SIPAA was not disclosed until August 16, 2000.

## DISCUSSION

After a responsive pleading has been served, leave to amend may be sought from the court or by written consent of the adverse party. *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir. 1990). The determination of whether to grant leave to amend a complaint is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). If the underlying facts relied upon by plaintiff is a proper subject for relief, she should be granted an opportunity to test her claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182

(1962). Although leave to amend should be "freely given," see Fed. R. Civ. P. 15(a), leave may be denied by a demonstration of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or the futility of the proposed amendment. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991).

Prejudice to the adverse party is the most important factor to determine whether to grant leave to amend a complaint. *Zenith Radio Corp.*, 401 U.S. at 330. A motion for leave to amend will be denied when the timing of the proposed amendment would cause undue prejudice to the adverse party. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993).

To determine whether an amendment would cause undue prejudice to the adverse party, the court balances the interests of the parties. *American Broadcasting Co., Inc. v. Maljack Prods., Inc.*, No. 97 C 6510, 1998 WL 325209, at *1 (N.D. Ill. June 9, 1998). The interests that are balanced include the hardship to the moving party if leave to amend is denied, the reasons for the moving party for its failure to add the new allegations in the initial pleading, and the injustice to the adverse party if leave to amend were granted. *In re Ameritech Corp.*, 188 F.R.D. 280, 282 (N.D. Ill. 1999).

Plaintiff claims that she failed to include her whistle blowing and First Amendment retaliation claims in the second amended complaint because defendant did not deliver documents evidencing that the principal was under investigation for violating the SIPAA until August 16, 2000. These documents allegedly were in the possession of the Office of Inspector General and the General Counsel of the Chicago Public Schools as early as February 8, 2000.

4

However, newly discovered information that may justify an untimely motion to amend the complaint is information that could not have reasonably been discovered any earlier. *See Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992). The newly discovered evidence regarding the investigation could have been discovered earlier because it simply informed Ahmad that the Board had investigated her previous complaints that the principal violated the SIPAA. Ahmad had previously disclosed her complaints regarding the principal in her deposition and did not need the warning resolution and memorandum to inform her of her own allegations. Although plaintiff claims that information regarding the investigation of the principal changes the whistle blower claim, the investigation is simply a new spin on information that plaintiff already knew. Thus, the information plaintiff seeks to add to the complaint should have been discovered from statements made at Ahmad's deposition on April 28, 2000, not from the documents delivered on August 16, 2000.

Plaintiff argues that defendant would not be prejudiced by the grant of leave to amend the complaint because defendant knew of the investigation against the principal. The proposed third amended complaint raises issues not addressed in the prior complaints. Defending discrimination, retaliation, and intentional infliction of emotional distress claims are vastly different from defending whistle blowing and First Amendment retaliation claims. Discovery in this case has been closed since June 26, 2000, defendant's motion for summary judgment was filed on August 4, 2000, and the summary judgment motion has been fully briefed since September 25, 2000. Thus, discovery would have to be reopened to allow defendant to address the new allegations of whistle blowing and First Amendment retaliation. Further, the fully

briefed summary judgment motion would have to be stricken. Therefore, at this late stage in the litigation, the Court finds that the injustice to defendant would be great if the request to amend were granted. *See Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982) (finding district court did not abuse its discretion by denying leave to amend when motion was filed after parties had completed discovery and where motion would add an entirely new theory).

In sum, the reasons for plaintiff's delay in amending the complaint are not as compelling as the injustice imposed on defendant if leave to amend were granted. Therefore, the Court denies plaintiff's motion for leave to file a third amended complaint.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a third amended complaint [docket no. 43-1] is hereby denied.

**SO ORDERED**  ENTERED: 2/26/01

**HON. RONALD A. GUZMAN**
**United States Judge**

6